[Civ. No. 4269. First Appellate District, Division One.—November 22, 1922.]

## ANHEUSER–BUSCH BREWING ASSOCIATION (a Corporation), Respondent, v. AMERICAN PRODUCTS COMPANY (a Corporation), Appellant.

[1] LANDLORD AND TENANT—DEFINITE TERM—ABANDONMENT BY TENANT—LIABILITY FOR RENT.—A tenant of premises for a definite term cannot divest himself of his right to the possession of the same or terminate his liability for the stipulated rental therefor by a mere abandonment of the premises without the consent of the lessor.

[2] ID.—DELIVERY AND ACCEPTANCE OF KEYS—SURRENDER OF PREMISES—INTENTION.—The delivery up of the keys to the premises by the lessee, and the keeping of the keys by the lessor or its agent, is not sufficient of itself to prove an acceptance on the lessor's part of such surrender of the premises by the lessee, unless that appears to be the intention of both parties at the time.

[3] ID.—ACCEPTANCE OF ABANDONMENT—OCCUPANCY BY THIRD PERSON.—The lessor having clearly manifested its intention not to

---

1. Remedy of landlord upon abandonment by tenant of premises, notes, 14 Ann. Cas. 1088; 13 L. R. A. (N. S.) 398.

accept the lessee's attempted surrender of the premises, the tempo-
rary occupancy of the premises by a third person with the knowl-
edge of the lessor's agent, but without the knowledge of the
lessor, did not constitute an acceptance of the lessee's abandon-
ment of the premises, where such agent had no authority to bind
the lessor to any such arrangement to the acceptance of the
lessee's abandonment of the premises in any such manner.

[4] ID.—RE-ENTRY BY LESSOR—LIABILITY FOR ACCRUED RENTALS.—A
re-entry on the part of the lessor and his resumption of the bene-
fits, use and enjoyment of the premises, while it terminates the
lease as to the lessor's right to rentals subsequent to such re-
entry, does not affect the lessee's liability for rent accrued prior
to such re-entry.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Geo. A. Sturtevant,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Gerald C. Halsey and Frederic T. Leo for Appellant.

Goodfellow, Eells, Moore & Orrick for Respondent.

THE COURT.—This is an appeal from a judgment in
favor of the plaintiff in an action to recover $2,500.02, with
interest alleged to be due plaintiff according to the terms
of a lease of certain premises in which the plaintiff is les-
sor and the defendant lessee. The above sum being the
aggregate of the stipulated monthly rental of $416.67 for
the months from July to December, inclusive, 1919. The
defense to said action proffered by the defendant in its an-
swer and at the trial was that it had delivered up and
surrendered said premises during the month of June, 1919,
and had then vacated and abandoned the same, and that said
plaintiff had then and there accepted and agreed to said
surrender of said premises and had taken possession of the
same and had thereby terminated said lease and relieved
said defendant of the obligation thereunder for the payment
of any rent after the date of the said surrender and of the
plaintiff's acceptance of the same. Upon the trial of the
cause the court found against this contention on the part
of the defendant, its finding in that respect reading as fol-
lows: "Said defendant did not deliver up or surrender pos-

session of the said premises to the plaintiff, and the said plaintiff did not unqualifiedly or at all take or accept in its own right, or in any right, or for its own use or benefit, or any use or benefit, or at all, the possession of said premises. That said defendant did not deliver up to said plaintiff the said premises, and said plaintiff did not acquiesce in or agree to any surrender of said premises by said defendant; and said plaintiff did not unqualifiedly enter into or unqualifiedly take possession of the premises in its own right, or in any right, or for its own use or benefit, or any use or benefit. That the said lease was not, in the month of June, 1919, or at any other time, or at all, terminated by the mutual consent or any consent, or at all, of the parties thereto, to-wit: The said plaintiff, and the said defendant.''

The sole contention of the appellant upon this appeal is that the evidence is insufficient to sustain the foregoing findings of the trial court. The facts of the case which are practically undisputed, are summarized as follows:

The lease between the parties was entered into November 19, 1918, and was for a period of two years at the stipulated monthly rental above stated. The lessor, and plaintiff herein, was a nonresident corporation. The real estate agent who had acted for the lessor in negotiating said lease was one Allen Moyer, who had procured the same subject to the approval and ratification of the lessor. This being obtained and the lessor having prepared and executed the lease in question, and the lessee having gone into possession, Moyer collected the first month's rent, when he was notified by the lessor that it would itself thereafter collect the rent by means of drafts on the lessee through the Anglo California Trust Company of San Francisco. The rents were so collected until the twenty-fourth day of June, 1919, when the defendant moved out of the premises and its president appeared at the office of said Trust Company and paid the draft for the rent covering the month of June and left some keys to the premises with the Trust Company. The latter wrote to the lessor informing it that the keys had been left with it and asking what disposition should be made of them, to which letter the lessor replied directing that the keys be turned over to Allen Moyer. The lessor, however, continued to forward drafts on the lessee covering the monthly rental as it fell due, which the lessee refused to pay, for the months

of July and August, the drafts being returned to the lessor and plaintiff herein, unpaid. It then wrote a letter to Moyer directing him to call upon the lessee and insist upon the payment of the drafts. He did so and was informed by the lessee and defendant herein that it had given up the keys and abandoned the premises and that it refused and would refuse to pay any more drafts. In the meantime, in November, 1919, a third party named Panerio called up Allen Moyer by telephone stating that he had some hay in the vicinity of the premises out in the rain which was going to be spoiled, and asking permission to store it in said premises. Mr. Moyer replied that he could not give him such permission because there was likely to be some trouble about it, to which Panerio replied: "Well, the place is open and if I put it in there will you put it out?" Moyer said "No," and the result was that Panerio placed his hay temporarily in the premises. The plaintiff knew nothing of this episode and in the meantime in December, 1919, commenced this action for the recovery of the accumulated rent up to the date of its institution. In the meantime, in February, the plaintiff relet the premises to another tenant for a one-year term commencing March 1, 1920. Basing its contention upon the foregoing facts, the appellant herein insists that they affirmatively show that the lease was terminated by its abandonment and the surrender of the premises in June, 1919, and by the plaintiff's acceptance thereof, as shown by its receipt and disposition of the keys to the premises at that time, and by the subsequent occupancy of the premises by Panerio. We cannot give our assent to the contention. [1] A tenant of premises for a definite term cannot divest himself of his right to the possession of the same or terminate his liability for the stipulated rental therefor by a mere abandonment of the premises without the consent of the lessor. (*Bonetti* v. *Treat,* 91 Cal. 223 [14 L. R. A. 151, 27 Pac. 612].) [2] Nor is the delivery up of the keys to the premises by the lessee, and even the keeping of the keys by the lessor or its agents sufficient of itself to prove an acceptance on the lessor's part of such surrender of the premises by the lessee, nor can it be clearly made to appear that such was the intention of the parties at the time. In Jones on Landlord and Tenant, section 548, the law is thus stated: "The delivery of the

key by the tenant and keeping it by the landlord are not sufficient to show a surrender of the premises by the tenant and an acceptance by the landlord, unless that appears to be the intention of both parties. . . . The landlord's failure to return keys which have been sent to him by a tenant who is vacating the leased premises does not effect a surrender by operation of law. The court remarked in one case: 'We are by no means prepared to concede that an abandonment of the premises by the tenant, and a delivery to and acceptance of the keys by the landlord, would alone necessarily amount to a surrender. The mere act of the landlord and his wife in picking up the key of the demised premises from the doorstep of his house, where the tenant had thrown it, and keeping it, does not show an acceptance of the tenant's abandonment. Whether landlord's acceptance of keys and resumption of possession amounts to a surrender of a lease depends on the intention of the parties. The landlord has a right to accept the keys and take possession of the premises to protect them from waste. The law does not necessarily infer a surrender from such act.' ''
The following authorities fully support this view: *Bonetti v. Treat, supra; Sessinghaus v. Knocke,* 127 Mo. App. 300 [105 S. W. 283; *Thomas v. Nelson,* 69 N. Y. 118; *Smith v. Hunt,* 32 R. I. 326 [Ann. Cas. 1912D, 971, 35 L. R. A. (N. S.) 1132, 79 Atl. 826].

[3] As to the episode wherein Panerio, by a sort of sufferance on the part of Allen Moyer, stored his hay for a brief period in the premises without taking on the quality of a tenant and without any knowledge on the part of the owner as to his occupancy of the same we attach little or no significance to the occurrence. The real estate agent, Moyer, had no authority to bind the owner of the premises to any such arrangement or to the acceptance of the lessee's abandonment of the premises in any such manner and the owner had clearly manifested its intention not to accept the lessee's attempted surrender of the premises by insisting upon the payment of its drafts for the rental thereof during the months succeeding such attempted surrender.

The findings of the trial court are fully supported by the evidence in the case to the effect that there was no acquiescence on the lessor's part in the lessee's effort to

surrender said premises prior to the institution of the present action.

[4] There is no merit in the appellant's further insistence that the plaintiff's final acquiescence in the termination of the defendant's lease as shown by its letting of the premises to another tenant should have relation back to the date of its attempted abandonment of the premises; nor do the cases relied upon by the appellant sustain such a contention. The case of *Welcome* v. *Hess,* 90 Cal. 507 [25 Am. St. Rep. 145, 27 Pac. 369], chiefly relied upon by the appellant as supporting this claim, is distinguishable from the instant case by the very important fact that the landlord retook possession of the premises and relet the same without in any way notifying the tenant that in the interim between the lessee's surrender of the premises and the landlord's reletting thereof he would continue to hold the defendant liable for the rental according to the terms of his lease; while in the instant case the contrary clearly appears. The case of *Phene* v. *Popplewell,* 15 Eng. Ruling Cases, 518, is also distinguishable as to its facts from the case at bar. On the other hand, the cases cited in Ruling Case Law, page 197, in support of the rule that a re-entry on the part of the landlord and his resumption of the benefits, use and enjoyment of the premises, while it terminates the lease as to the landlord's right to rentals subsequent to such re-entry, does not affect the tenant's liability for rent accrued prior to such re-entry, fully sustain the rule and have full application to the facts of the case at bar. (*Oastler* v. *Henderson,* 2 Q. B. 575; *Schuisler & Donnell* v. *Ames,* 16 Ala. 73 [50 Am. Dec. 168]; *Barlow* v. *Wainright,* 22 Vt. 88 [52 Am. Dec. 79]; *Edmunds* v. *Mounsey,* 15 Ind. App. 399 [44 N. E. 196]; *In re Sherwoods,* 210 Fed. 754 [Ann. Cas. 1916A, 940, 127 C. C. A. 304]; *American Bonding Co.* v. *Pueblo Inv. Co.,* 150 Fed. 17 [10 Ann. Cas. 357, 9 L. R. A. (N. S.) 557, 80 C. C. A. 97]; *Rockwell* v. *Eiler's Music House,* 67 Wash. 478 [39 L. R. A. (N. S.) 894, 122 Pac. 12].)

The judgment is affirmed.