[S. F. No. 10632. In Bank.—December 5, 1924.]

## WALTER H. LINFORTH, Respondent, v. MAY MONT-GOMERY et al., Appellants.

[1] ACTION TO QUIET TITLE—DEED OF TRUST—EXTINGUISHMENT OF DEBT—EVIDENCE—CONCLUSIONS OF LAW.—In an action to quiet title to real property, title to which plaintiff claims from a sale under a deed of trust on the property given to secure payment of a promissory note, the statements of the maker of the note that subsequent to the making of a deed to the property by him to the trustee under the deed of trust he had never been asked for payment for his overdue indebtedness to the beneficiary and that no demand had been made upon him for the payment of said indebtedness thereafter and prior to the sale of the premises to the plaintiff, were not conclusions of law but were statements of fact, which, if true, tended to show that the deed to the trustee had been taken and regarded by the parties to amount to an extinguishment of the indebtedness to the beneficiary under the deed of trust; and the rejection of such evidence offered to show payment, on the issue as to whether there had been a merger of the title in the trustee, was prejudicial error.

[2] ID.—GRANT OF PROPERTY BY TRUSTEE—EVIDENCE—MERGER.—In such a case, a deed to the property by the trustee to third parties was admissible in evidence as tending to prove that the trustee in making said grant deed was dealing with and purporting to convey the entire title to the property and hence as evidence of the prior merger of both the legal and the equitable interests in himself.

[3] ID.—MERGER—RULE—LAW AND EQUITY.—The question of whether or not the parties intended that a merger of estates should take place is a question of fact; in law a merger always takes place when a greater estate and a less coincide and meet in the same person in one and the same right, without any intermediate estate, but a court of equity will sometimes hold a charge extinguished when it would continue to exist in law,

195 Cal.—4

and sometimes preserve it when at law it would be merged, the question being one of intention, actual or presumed, of the person in whom the interests are united.

[4] ID.—JUDGMENT—RES ADJUDICATA—MERGER.—Where the issue of merger of the legal and equitable title in the trustee in such a case (which it is claimed was shown by the taking of deeds of the property by the trustee from the maker of the deed of trust and the beneficiary thereunder respectively, and the conveyance by the trustee of the property to a third person), was not before the court in a prior action between the trustee and one claiming a lien on the property superior to his interest, the judgment in said prior action was not *res adjudicata* on said matter and defendant herein was not precluded by said judgment from tendering the issue of merger and offering proof thereon.

---

(1) 22 C. J., p. 169, sec. 94, p. 554, sec. 654. (2) 27 Cyc., p. 1381. (3) 27 Cyc., pp. 1377, 1378, 1380. (4) 34 C. J., p. 941, sec. 1343.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

Lovett K. Fraser and Cleveland R. Wright for Appellants.

R. L. McWilliams and Walter H. Linforth for Respondent.

RICHARDS, J.—This appeal is from a judgment in the plaintiff's favor in an action to quiet his title to certain real estate and to enjoin a sale thereof under a certain writ of execution which the plaintiff asserted to be void. Many of the facts which exist as a background to the present litigation have been set forth by this court in its decision in the case of *Montgomery* v. *Meyerstein et al.*, 186 Cal. 459 [199 Pac. 800], and in a later phase of the same case, this day decided (*Montgomery* v. *Meyerstein et al.*, *ante*, p. 37 [231 Pac. 730]). The additional facts upon which the plaintiff herein predicates his right to maintain the present action may be briefly summarized as follows: On or about August 9, 1921, Alfred L. Meyerstein, the trustee named in a certain deed of trust executed to him by one Otto A.

Brown to secure an indebtedness due by said Brown to the Forest Hill Realty Company, declared said Brown to be in default of his obligation under said instrument and directed and conducted a sale of the real estate described therein as securing said indebtedness, at which sale of said property, held on October 15, 1921, the plaintiff herein became the purchaser. Basing his title thereto upon such sale this plaintiff commenced the present action, and upon October 11, 1922, filed his amended and supplemental complaint herein, wherein after averring in general terms his ownership of the said real estate he proceeded to allege that the defendant herein, May Montgomery, claimed to have a lien upon said property which she was threatening to assert through a purported writ of execution and by virtue of which her codefendant, Thomas F. Finn, sheriff of the city and county of San Francisco, was threatening to sell said real estate; and which said asserted lien had theretofore been extinguished by the sale of said property under said trust deed to said plaintiff. To this amended and supplemental complaint the said defendant May Montgomery made answer denying the plaintiff's title or ownership in said property and alleging that she was the owner and holder of a first lien upon the same based upon that certain judgment in the case of *May Montgomery* v. *Alfred L. Meyerstein et al.*, which is fully referred to in our previous decisions, and which she sets forth in full in her said answer. She further proceeds to allege that the indebtedness between Otto A. Brown and Forest Hill Realty Company, which the said deed of trust to Alfred L. Meyerstein had been given to secure, had been fully paid and discharged on or prior to the seventh day of March, 1921. The said defendant further alleged that on the twentieth day of July, 1916, the said Otto A. Brown executed and delivered to said Alfred L. Meyerstein a deed of all of his legal title and interest in said real estate and that by virtue thereof and by the agreement of the parties thereto the said indebtedness of said Otto A. Brown to Forest Hill Realty Company was paid in full and the said deed of trust canceled; that thereafter, and on October 13, 1918, the said Forest Hill Realty Company executed and delivered to said Alfred L. Meyerstein its deed of all its right, title, and interest in the premises in question. That there-after, and on March 7, 1921, the said Alfred L. Meyerstein

executed and delivered to William H. Levings and wife his deed of all of his right, title, and interest in said real estate. That each and all of the aforesaid transactions on the part of the said Alfred L. Meyerstein antedated the date of his attempted sale of the said premises under the aforesaid deed of trust from which the plaintiff derived his asserted title to said property, and operated to extinguish the lien of said deed of trust prior to his attempted sale of the property thereunder to the plaintiff herein, all of which was fully known to said plaintiff at the time he became the purchaser of said property at said trustee's sale thereof. The said defendant further pleaded the statute of limitations in several forms and prayed judgment that the plaintiff take nothing by this action and that she be declared to have a first lien upon the premises in dispute. The court proceeded to trial upon the issues thus framed and upon the submission of the case made its findings and rendered and entered its judgment in the plaintiff's favor.

The first contention made by the appellants upon this appeal is that in six specified particulars the evidence is not sufficient to support the findings of the court. An examination of these several specifications and of the argument offered in support of each of them would seem to show that they rest in the main upon the appellants' claim that by virtue of the conveyance of the legal title to the property in question made to Alfred L. Meyerstein by Otto A. Brown on July 20, 1916, and also by the conveyance of all of its right, title, and interest in said property made by the Forest Hill Realty Company on October 13, 1918, and while said Meyerstein was the holder of the equitable title thereto as trustee under the trust deed, which was given to him to secure the indebtedness of said Brown to the said Forest Hill Realty Company, a merger of the legal and equitable title occurred whereby the equitable estate existing by reason of said trust deed was extinguished; thus leaving in Meyerstein no interest or equity which could be conveyed to the plaintiff herein through a sale of said premises under the terms of said trust deed. The appellants make the further claim that subsequent to the date when according to her contention said merger occurred the said Meyerstein conveyed his entire interest in said premises by grant deed to

William H. Levings and wife he thus further divested himself of all of his interest in said premises, both legal and equitable, prior to the sale thereof under said trust deed to the plaintiff herein. It will thus be seen that according to the appellants' theory of this case the primary issue before the trial court was as to whether there was a merger of the equitable title held by said Meyerstein as trustee under the said deed from Brown in the legal title conveyed to him by the conveyances from said Brown and the Forest Hill Realty Company prior to the attempted sale of said property under said trust deed to the plaintiff herein. If the appellants' theory of this case is correct it brings us immediately to her second contention upon this appeal, which is that the trial court committed prejudicial error in excluding certain evidence offered by said appellants pertaining to the issue as to such merger. If the appellants' contention in this latter regard should be held to be correct it would compel a reversal of this case since the evidence which the appellants offered and the trial court rejected went, if admissible, to the issue as to the merger of the legal and equitable interest in said property in Meyerstein prior to the sale thereof to plaintiff under said trust deed. During the trial of the cause defendant offered in evidence an affidavit made by Otto A. Brown which counsel for appellant stated had been made in lieu of taking his deposition and which it was stipulated might be admitted in evidence as the testimony of said Brown, subject to any objection as to its relevancy. The evidence thus tendered was offered for the purpose, as appellants' counsel stated, of showing that the amount secured by said trust deed of Brown to Meyerstein had been fully paid prior to the sale of the premises thereunder to the plaintiff herein. The first objection which the plaintiff offered to the testimony of said Brown was that it constituted an attempt to contradict the terms of the judgment which had theretofore been made and entered in the case of *Montgomery* v. *Meyerstein* and which had become *res adjudicata*. We shall deal later with this objection. [1] The next objection which the plaintiff presented to the admissibility of the main portions of said affidavit of Brown was that his statements therein contained to the effect that by his conveyance of all of this right, title, and interest in the

premises in question he had canceled his indebtedness to the Forest Hill Realty Company, which the trust deed then held by Meyerstein was given to secure, and that he had thereby been released from all prior obligations with regard to said property, and that since the making of said deed he had never been asked for payment of the promissory note which said trust deed had been given to secure, and that upon the making of his said conveyance to Meyerstein the latter assumed all of the obligation of said affiant with regard to said note and trust deed, were mere conclusions of law. We are inclined to the view that as to much of the offered evidence of said Brown as above detailed the objection of the plaintiff thereto upon the ground that it consisted of mere conclusions of law on the part of said witness was well taken; but we also think that this objection was not applicable to all of the foregoing statements of said Brown; as, for example, to his statement that subsequent to the making of his said deed to Meyerstein he had never been asked for payment of his overdue indebtedness to the Forest Hill Realty Company, which the deed of trust to Meyerstein secured and that no demand had been made upon him for the payment of said indebtedness thereafter and prior to the sale of the premises to the plaintiff. These were statements of said witness as to matters of fact, and, if true, they tended to show that his deed to Meyerstein had been taken and regarded by the parties to amount to an extinguishment of his indebtedness to the Forest Hill Realty Company. They should, therefore, as against that specific objection have been received in evidence, and we think that the refusal of the trial court to so admit them was, as against that objection, prejudicial error. The deed from Otto A. Brown to Alfred L. Meyerstein, the trustee under the aforesaid deed of trust given by Brown to secure his indebtedness to Forest Hill Realty Company, having been introduced in evidence would, in the absence of any showing to the contrary, give rise to the reasonable inference that the consideration for such deed was the release of said Brown from the indebtedness which his former trust deed to the property described therein had been given to secure; and this offered testimony of Brown would materially support and strengthen that inference. It would follow as a logical sequence to such tes-

timony, if taken to be true, that it was the intent of the parties to the conveyances of Brown to Meyerstein and of Forest Hill Realty Company to Meyerstein to invest the latter with the entire title to the premises relieved of the encumbrance of said trust deed, which, since it no longer operated to secure any indebtedness from Brown to the Forest Hill Realty Company, had become merged in the legal title acquired by Meyerstein through these two conveyances of the whole estate to the holder thereof. Its materiality to the issue of merger being thus apparent the error of the trial court in refusing to admit it was prejudicial, if the issue of merger was a material issue in the case. [2] The appellant in this same connection contends that the trial court committed further prejudicial error in refusing to admit in evidence the grant deed of said property which Alfred L. Meyerstein made to W. H. Levings and wife on or about March 7, 1921, and which said deed was prior in point of time to the inception of the proceedings which resulted in the sale of the said property under the trust deed upon which sale the title of said plaintiff as the purchaser of said property thereat and thereunder depends. The appellants contend that said grant deed from Meyerstein to Levings was admissible as evidence tending to prove that said Meyerstein in making said grant deed was dealing with and purporting to convey the entire title to said property and hence as evidence of the prior merger of both the legal and the equitable interests in himself. [3] In making this contention the appellant invokes the rule declared in 27 Cyc., at page 1380 et seq., and apparently supported by respectable authority, to the effect that, "The question whether or not the parties intended that a merger of estates should take place is a question of fact. It is not settled by the mere recording of the deed. But the intention that there should be no merger may be shown by a stipulation in the deed or other express declaration of the parties, or the fact that the mortgagee does not cancel or surrender the evidence of the debt or release the mortgage, but, on the contrary, retains them, or that he assigns the mortgage to a *bona fide* purchaser, representing it as a good and valid security. On the other hand, if he assumes to deal with the estate as absolute owner, and conveys it to another, it proves a merger."

(See, also, *Webb* v. *Meloy,* 32 Wis. 319; *Ames* v. *Miller,* 65 Neb. 204 [91 N. W. 250]; *York* v. *Robins* (Tex. Civ.), 240 S. W. 603.) The rule with reference to merger which seems to have been recognized by both of the parties to this action is that stated by this court in the case of *Shaffer* v. *McCloskey,* 101 Cal. 576, 580 [36 Pac. 196, 197], as follows: "In law a merger always takes place when a greater estate and a less coincide and meet in the same person in one and the same right, without any intermediate estate. The lesser estate is said to be annihilated or merged in the greater; but a court of equity is not guided in this matter by the rules of law. It will sometimes hold a charge extinguished when it would continue to exist in law, and sometimes preserve it when at law it would be merged. The question is one of intention, actual or presumed, of the person in whom the interests are united." While, however, the respondent herein has adopted and applied the foregoing rule as applicable to his own contention that there was no merger of the legal and equitable titles in Meyerstein, he successfully objected to the appellants' effort to have it given application to the contention that the foregoing offered evidence was admissible to show that such merger had occurred. We think the trial court erred in the exclusion of the deed from Meyerstein to Levings and wife if, as we have heretofore stated, the question of merger was an issue in the case.

[4] The respondent herein, however, contends that the issue of merger was not an issue in the case for the reason that the judgment in the case of *Montgomery* v. *Meyerstein,* rendered and entered on the twenty-third day of August, 1921, pursuant to the order and direction of this court upon said former appeal (186 Cal. 459 [199 Pac. 800]), was *res adjudicata* as to the rights and interests of the parties to said action at the date of the rendition and entry of said judgment and that since the deed from Brown to Meyerstein, dated July 20, 1916, antedated the commencement of said action, and since the deed of Forest Hill Realty Company to Meyerstein, dated October 13, 1918, and the deed from Meyerstein to Levings, dated March 7, 1921, antedated the entry of said judgment, the effect of any or all of said deeds as creating a merger of the trust estate theretofore held by Meyerstein in the larger title with which he was invested by the two

former and which he assumed to transfer by the latter of
said conveyances is no longer open to litigation in view of
the terms of said judgment or decree declaring the lien
created by said trust deed to exist at the date of said judg-
ment and to be a superior lien to that of the plaintiff in
that action, who is the defendant and appellant in this ac-
tion.    We are unable to agree with this contention as ap-
plied to the facts of this case.    The action of *Montgomery*
v. *Meyerstein* was commenced on October 6, 1917.    Prior to
that date, viz., on July 20, 1916, Brown had made his deed
of all of his right, title, and interest in said premises to
Meyerstein, but said deed was not recorded by Meyerstein
until March 22, 1919, and its existence and possible effect
were apparently not within the knowledge of May Mont-
gomery at the time she commenced said action; nor was the
existence of said deed revealed by the defendant Meyerstein
in either his pleadings or proofs in said action, nor did the
trial court have before it at any time during the trial of said
cause or up to the time of the making of its findings or entry
of its first judgment therein any issue involving the merger
of any interests in said property in Meyerstein as the result
of the taking by him of said deed from Brown.    The cause
came on for trial and was tried before the court sitting
without a jury on March 6, 1919.    The deed from Brown
to Meyerstein was not filed for record until March 22, 1919,
which was after the trial and submission of said cause for
decision.    The deed from Forest Hill Realty Company to
Meyerstein, by which it purported to convey all of its right,
title, and interest in said real property to him, was dated
October 13, 1918, and was recorded December 13, 1918, more
than a year after the commencement of said action, but said
deed was never brought before the trial court upon the trial
thereof by any of the pleadings or proofs therein, and its
existence or effect was not considered by said court during
the trial of said cause or in its said findings or judgment
therein.    The case, in short, was conducted, tried, and de-
cided by the parties thereto upon the theory that the rights
and interests of the respective parties thereto, as they were
alleged to exist at the time of the commencement of the ac-
tion, persisted throughout it and were reflected in its findings
and first judgment rendered and entered therein.    From

that first judgment, and also from the order of the trial court refusing to enter a different judgment upon the findings, the plaintiff took her two appeals, which were heard and decided together by this court in 186 Cal. 459 [199 Pac. 800]. By that decision the said judgment and order were reversed in part and the trial court was directed to enter a new judgment upon its former findings, making the defendant's judgment as formerly entered therein against Brown only a lien upon the property, subject to the two prior liens of Forest Hill Realty Company and of the Bank of Italy. The trial court in obeying this direction had no new trial of the cause and took no new evidence, but merely based its new judgment upon its former findings, which, as we have seen, took no account of the said conveyances from Brown or from Forest Hill Realty Company to Meyerstein, nor in entering its second judgment on August 23, 1921, did it have before it the conveyance made by Meyerstein to Levings and wife, which had been made during the interval between the dates of the first and second judgment in the case. It would seem clear from the foregoing recital of the facts attending the inception, trial, and several judgments in that case that the issue of a merger arising out of the several foregoing transactions by which Meyerstein acquired and subsequently conveyed the legal title to said real property was never before the trial court and was not considered in or concluded by the said court in the rendition of either of its said judgments therein. It follows that neither of said judgments ever became *res adjudicata* as to that issue, and hence that the defendant herein was not precluded by said judgments or either of them from tendering the issue in this case of a merger of titles in Meyerstein as a result of the aforesaid transactions and in offering such proof as was available in support of said issue. Having determined that the evidence which she did offer was competent and material in support of her contention upon that issue it follows that the trial court erred in its refusal to admit such evidence and that such error being material and prejudicial compels a reversal of the judgment herein.

There are a number of other points discussed in the elaborate briefs and arguments of counsel herein, but since these in the main grow out of and relate to the foregoing

fundamental error of the trial court, a further discussion of them is not necessary upon this appeal.

The judgment is reversed.

Waste, J., Lawlor, J., Shenk, J., Seawell, J., Lennon, J., and Myers, C. J., concurred.

Rehearing denied.

All the Justices present concurred.