[Civ. No. 6313. First Appellate District, Division Two.—October 13, 1928.]

LEONA H. HOBSON, Appellant, v. LOUI F. KING, Respondent.

Owen D. Richardson for Appellant.

Clarence M. Booth for Respondent.

BUCK (G. F.), P. J., *pro tem.*—This is an action brought by the plaintiff to recover from the defendant the balance due upon a written contract for the payment of money in the sum of $3,500. The contract in question was entered into between the parties, who were at that time husband and wife, for the purpose of settling and adjusting their property rights prior to the obtaining of a divorce. After the divorce was obtained the plaintiff brought an action to rescind and set aside the contract in question upon the grounds of fraud and undue influence exercised by the defendant, and in such action also sought to have the court adjudicate the property rights of the parties. The court, adopting the advisory verdict of the jury, found that the contract in question was procured through the fraud and undue influence of the defendant. But further found in accordance with a separate defense of the defendant that "an interlocutory judgment of divorce was duly and regularly made, given and entered wherein and whereby it was adjudged that all property rights between the parties hereto had been settled."

Judgment was accordingly given in favor of the defendant and against the plaintiff. In the present action upon the contract it is alleged in the complaint that no part of the sum agreed to be paid under the contract except the sum of $1,300 has been paid, and the court so found. But the court further found that the action herein on the contract was barred by the judgment in the prior suit brought to set aside and to rescind the contract, and gave judgment for defendant from which plaintiff appeals.

The rule of course is clear as laid down in sections 1908 and 1911 of our Code of Civil Procedure, that a judgment or order is, in respect to the matter directly adjudged, conclusive between the parties litigating for the same thing under the same title and in the same capacity; and ''That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto.''

An examination of the judgment-roll in the prior suit in equity fails to reveal that the parties therein litigated or sought to litigate anything except plaintiff's right to have the contract rescinded on the grounds of defendant's alleged fraud and undue influence, so that the property rights between the parties could be adjudicated irrespective of such contract. Furthermore, it does not appear upon the face of the judgment in such prior suit that anything else was adjudged or that any matter pertaining to the present suit on the contract was ''actually and necessarily included'' in the judgment in the prior action in equity, or necessary thereto.

As stated by this court in a recent decision, *Hutchison* v. *Reclamation Dist. No. 1619 et al.*, reported in 81 Cal. App. 427, 437 [254 Pac. 606, 610], ''It is unnecessary to analyze the cases cited by respondent which support the general rule that a judgment is conclusive not only as to the subject matter in controversy, but also as to every other matter that was or might have been litigated in the action. It is sufficient to say that this rule is not always applicable literally, but that: 'What is really meant by this expression is, that a judgment is conclusive upon the issues tendered by the plaintiff's complaint.' *Concannon* v. *Smith*, 134 Cal. 14, 18 [66 Pac. 40, 42]; *Brown* v. *Brown*, 170 Cal. 1, 6 [147 Pac. 1168]; *Lang* v. *Lang*, 182 Cal. 765, 768 [190 Pac. 181]; *Linforth* v. *Montgomery*, 195 Cal. 49, 58 [231 Pac. 735]. Thus, where a right has accrued subsequent to the former trial, and an issue was not tendered or determined in the former trial, and was not necessary to a complete disposition of the issues tendered, it could not be said that the former judgment would, in every case, be conclusive as to that issue.''

Also as stated in Freeman on Judgments, fifth edition, volume 2, paragraph 679, at page 1435: "More than one cause of action may grow out of the same contract. So also more than one may arise respecting the same piece of property. Hence, the identity of the contract or the property is not conclusive as to the identity of causes of action. Thus, the denial of relief in a suit in equity to rescind a contract for alleged fraudulent representations inducing it does not bar a subsequent action at law to recover the consideration paid, after a rescission for failure to perform the contract. (*Newhall* v. *Enterprise Min. Co.*, 205 Mass. 585 [137 Am. St. Rep. 461, 91 N. E. 905].)"

But in *this* court, and in the face of the foregoing, the sole and only contention of learned counsel for the respondent in support of his judgment is that, "The whole point of controversy in the previous action was the contract upon which the present suit was based, and which the court in the previous case found has been fully complied with by respondent" and "the court in the previous case found that appellant had received from respondent money and furniture exceeding in value the amount required to be paid to appellant by respondent under the contract, and therefore gave judgment in favor of respondent."

But as already indicated, in the prior action the only reference to property would be for the purpose of enabling the court, in the event the contract was set aside, to proceed to make a proper division of the separate and community property of the parties. And in this connection it was alleged in the complaint in the prior action that "at the time of the execution of said purported separation agreement, the community property of this plaintiff and said defendant, Loui F. King, consisted of . . . also certain household furniture which was and still is of the value of about three thousand ($3000) dollars, and also silverware and glassware which was and still is of the value of about two thousand ($2000) dollars. . . ."

Answering that particular allegation the defendant in his answer "denies that the household furniture of the plaintiff and Loui F. King was community property, and alleges that the same was separate property of Loui F. King; and denies that said household furniture was of the value of $3000 or any other sum, except as hereinafter stated, and

denies that said silverware or glassware or any portion thereof was community property, or that its value was $2000 or any other sum except as hereinafter stated, and in that behalf this defendant alleges that furniture, silverware and glassware was the separate property of this defendant, and was of the value of $4000 and no more.'' And on the foregoing subject matter of furniture, etc., the court made the following and only findings: ''That the furniture, silverware and glassware, including the furniture received and accepted by the plaintiff, was and now is of the value of $2500, and all said furniture, silverware and glassware now in the possession of the defendant was and now is his separate property, except a certain lot of silverware of the value of $285 which was community property.'' And as a separate attempted defense to the prior suit in equity to set aside the contract the defendant further alleged in his answer: ''That subsequnent to the execution of the written agreement mentioned and set forth in plaintiff's complaint, plaintiff, without the consent of defendant, obtained possession of a large part of the furniture, silverware and glassware mentioned in plaintiff's complaint and converted the same to her own use. That said property so converted was and is of the value of $2500.

''That defendant is informed and believes, and therefore alleges that since the execution of said agreement plaintiff has had and received, to and for the use of defendant the sum of $2500, and no part of said sum has been repaid to defendant, and the whole thereof is now due, owing, payable and unpaid from plaintiff to defendant.''

And on the above matter covered by the separate defense, the court made the following and only findings: ''Regarding the separate defense set forth in the answer of the defendant, the court finds that it is not true that subsequent to the execution of the written agreement mentioned and set forth in plaintiff's complaint, plaintiff, without the consent of the defendant, or otherwise or at all, has had and received, or had or received, to and/or for the use of defendant the sum of $2500 or any sum.''

Furthermore the suit in equity was begun prior to March 6, 1922, and at that time about $2,000 under the contract was not yet payable.

From all of the foregoing it is therefore evident that in the suit in equity the court neither made nor expressly or impliedly attempted to make any finding as claimed by respondent that, "the contract upon which the present suit is based . . . had been fully complied with by respondent." Nor does the above record bear out the contention that, "the court in the previous case found that appellant had received from respondent money and furniture exceeding in value the amount required to be paid to appellant by respondent under the contract and *therefore* gave judgment in favor of respondent." And furthermore, there was no proper issue made upon which any such finding could be based.

It appearing from the record on appeal that in defendants' answer the execution of the contract sued on is admitted, and it further appearing that the court specifically found that "no part of the sum agreed to be paid by defendant to plaintiff under the terms of said written agreement has been paid, save and except the sum of one thousand three hundred ($1300) dollars, which is the aggregate amount of payments provided for in said written agreement up to and including the 10th day of August, 1921," it is ordered that the judgment be reversed and that the trial court enter judgment in favor of plaintiff and against defendant in the sum of $2,200 with interest on the monthly installments of $50 per month, said interest to be computed from the due date of each unpaid installment commencing with September 10, 1921, and costs.

Nourse, J., and Sturtevant, J., concurred.