[Civ. No. 5989. Second Appellate District, Division One.—November 21, 1930.]

L. GUIRAS et al., Respondents, v. HARRY H. CULVER & COMPANY, Appellant.

D. Chase Rich and Wm. L. Kuehn for Appellant.

Canepa & Castruccio for Respondents.

HOLLZER, J., *pro tem.*—Defendant appeals from a judgment awarded to plaintiffs in the amount of $550 on account of unpaid rent. The facts, which are not in dispute, disclose that under date of August 30, 1924, the plaintiffs and defendant entered into a written lease under which plaintiffs demised to the defendant certain premises for a term of years, and in consideration of which the latter agreed to pay a total rental of $28,050 at the rate of $550 in advance on the first of each month. The lease acknowledged the payment by defendant of the sum of $1100,

"Five Hundred Fifty ($550.00) Dollars of which is to cover the first month's rent and Five Hundred Fifty ($550.00) Dollars as a deposit as a guarantee that said Lessee will perform all the conditions of this lease, and if so performed, will be applied to the last month's rent and if not so performed, is to be retained by the Lessor as a forfeit."

No rent having been paid either for the month of June or the month of July, 1926, the plaintiffs on July 2, 1926, caused a notice to be served on the defendant requiring the latter within three days to pay the sum of $1100, being the rental for the months of June and July, 1926, or to deliver up possession of the demised premises. On July 3d, the defendant surrendered possession. Several weeks later, plaintiffs instituted the present action to recover the sum of $550 on account of rent due for the month of June, 1926.

Defendant contends, in effect, that because the lease was terminated by its surrender of the premises, pursuant to plaintiffs' demand for the payment of the rent or delivery of possession, and because the defendant is entitled to a credit in the amount of $550, by reason of having deposited this sum with the plaintiffs at the time of the execution of the lease as a guarantee for the performance of the conditions thereof, the plaintiffs should have applied such deposit in payment of the June rent, and hence are not entitled to recover in this action.

We are unable to agree with this contention. It has long been the settled law of this state, that while re-entry by the landlord and his resumption of the benefits, use and enjoyment of the premises terminates the lease, so far as the landlord's right to rentals subsequent to such entry is concerned, this does not affect the tenant's liability for rent accrued prior to such re-entry. (*Anheuser-Busch Brewing Assn.* v. *American etc. Co.,* 59 Cal. App. 718, 723 [211 Pac. 817], citing Ruling Case Law, p. 197.) To the same effect, see *Wetzler* v. *Patterson,* 73 Cal. App. 527, 532 [238 Pac. 1077], and the cases therein cited.

It being conceded that the defendant did not vacate the premises until after the rentals for the months of June and July, 1926, had accrued, it follows that at the time defendant surrendered possession, the latter was indebted to plaintiffs in the sum of $1100, subject, however, to a credit by reason of the above-mentioned deposit amounting

to $550. Accordingly, this would leave a balance of $550 due from the defendant, and for which plaintiffs would be entitled to judgment against defendant.

For the reasons herein set forth, the judgment is affirmed.

Conrey, P. J., and York, J., concurred.