[Civ. No. 12370.   First Dist., Div. Two.   Feb. 11, 1944.]

PROGRESSIVE COLLECTION BUREAU (Individual's Fictitious Name), Respondent, v. HAROLD WHEALTON, Appellant.

Sterling Carr, Lemuel H. Matthews and Å. Dal Thomson for Appellant.

A. T. Bridgett and P. H. McCarthy, Jr., for Respondent.

NOURSE, P. J.—Plaintiff sued to recover payments due under a contract between plaintiff's assignor and defendant as well as taxes which had been paid by plaintiff's assignor. The cause was tried without a jury and plaintiff had judgment in the sum of $22,569, together with interest thereon and costs of suit.

Plaintiff's assignor was the Pine Grove Nevada Gold Mining Company, a California corporation. On or about July 3, 1936, it had entered into an agreement leasing and providing an option to purchase certain mining claims by defendant. The property as described was actually owned by plaintiff's assignor, but, through an inadvertence, the owner was described as "Pine Grove Gold Mining Company, a corporation." This company was an extinct Nevada corporation, but there is no showing of fraud on the part of plaintiff's assignor; the mistake appears to have been made unintentionally.

The contract consisted of a lease and an option to pur-

chase the described mining claims for the sum of $117,500, payable $2,000 down and $500 on the first of each month thereafter, until "the reduction plant of second party (the defendant) upon the property herein described is in operation in 1936, and thereafter the sum of One thousand dollars ($1,000) on the first day of each month. . . ." In addition, defendant agreed to assume the taxes and also to make certain other payments, not here in issue. Defendant remained upon the premises until on or about July 19, 1938, but only made payments in the sum of $2,500 on the aforementioned contract, and he failed to pay taxes which accrued in the sum of $1,569.

Shortly after his entry under the contract, defendant defaulted in payments. In a letter dated September 1, 1936, plaintiff's assignor attempted to terminate the contract. Defendant claimed title in himself and thereafter plaintiff's assignor commenced an action to quiet title and to cancel the contract in the federal District Court in Nevada. After judgment for plaintiff quieting title but refusing to cancel the contract, defendant appealed to the Circuit Court of Appeals for the Ninth Circuit. Judgment was affirmed in a decision reported at 104 F.2d 675.

It is appellant's contention in the case at bar that respondent's cause of action is based on the contract; that the federal court found the contract "null and void," and that the issue is therefore res judicata. It is true that this suit is based solely on the contract, but we are not in accord with appellant's view that the federal court found the contract void. The federal court did find respondent's assignor, Pine Grove Nevada Gold Mining Co. could not cancel the option at the time it sought to do so for the reason that it had drawn the contract in the name of the wrong corporation and it thereupon gave the appellant an opportunity to correct his default under the contract. Appellant did not take advantage of that opportunity and since he was in default he thereupon forfeited his rights under the contract. In its opinion the district court said: "It is Ordered, Adjudged and Decreed that the contract dated July 3, 1936, be not adjudged null and void and the same is hereby adjudged to be in full force and effect as the contract of plaintiff and defendant herein; that said contract is not terminated by the letter of date September 1, 1936, nor could it then have been so terminated by act of the plaintiff; that by rea-

son of the error in the name of plaintiff used in said contract it was the duty of plaintiff to offer to make correction of said error and to endeavor to satisfy defendant in respect thereto; that by reason of such failure and the assertion of a forfeiture because of a noncompliance with the terms of said contract, defendant was relieved from his obligation to comply with the terms of said contract pending the determination of and subject to judgment or decree entered in this suit; that upon payment by defendant to plaintiff on or before July 1, 1938, of the sum of $6,000, and on or before August 1, 1938, of the further sum of $5,500, and the amount of taxes accrued upon said property and for which defendant is liable under the provisions of said contract said contract shall then be deemed to be in full force and effect and subject only to future compliance with the terms and conditions thereof; that if payments are not so made said contract shall be null and void and of no force and effect.'' The appeal to the Circuit Court of Appeals was addressed solely to that portion of the decree finding title in the Pine Grove Nevada Gold Mining Co. (*Whealton* v. *Pine Grove Nevada Gold Mining Co.*, 104 F.2d 675 at 676.)

The only issue before the federal district court, in addition to the quiet title proceeding, was to determine whether the plaintiff in the action could cancel the contract, and since it sets out in detail how the contract may be complied with, it cannot mean that the contract was actually void at its inception, but only that it was terminable at the option of the Pine Grove Nevada Gold Mining Company for failure of defendant to comply with its terms. ■ A contract which is void cannot be given any effect whatever. A void contract is referred to in *Garcia* v. *California Truck Co.*, 183 Cal. 767, 770 [192 P. 708], as ''. . . a mere 'scrap of paper' without binding force, that could be entirely disregarded without any rescission. . . .'' That is clearly not the holding of the federal court in this case.

■ The status of the contract was before the district court in the federal suit, but in spite of a portion of the language used in the memorandum of the district court, *supra,* as we interpret the opinion, the court did not actually hold the contract to be void, and our interpretation of the holding appears to be in accord with that of the Circuit Court of Appeals for on page 677 of its opinion the court states: ''The court (district court) justly thought that appellee

was under the duty of correcting the error in nomenclature in the option contract, and having failed to offer satisfaction to appellant in this respect appellee was not entitled to declare a forfeiture as of the time it had undertaken to do so.' For this reason *the court decreed that the contract remained effective."* (Emphasis ours.) Since the contract was not declared void nor voidable at the option of this appellant in the federal suit, the defense of res judicata is of no aid to appellant in this action.

▪ It is appellant's contention that the doctrine of equitable estoppel or res judicata should apply on the ground that respondent's assignor might have pursued an action for rent in the former federal suit and thus determined the issue. There is no question but that this issue was not in litigation before the federal court; that at the time of the filing of the suit in the federal court the greater portion of the rent and unpaid tax installments sought here had not yet accrued; and that this determination was in nowise essential to the former suit.

The Code of Civil Procedure, section 1911, lays down the rule to be followed: "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

*Denning* v. *Green,* 119 Cal.App. 102, 105 [6 P.2d 317], was also an action for the collection for rent after a former quiet title proceeding between the same parties. The court states: "It is next contended that respondents are estopped and barred from maintaining the action, by the judgment rendered in the former action, which quieted respondents' title to said property. In that action the complaint and other pleadings do not mention rental. The complaint is the simple and ordinary form to quiet title. In the findings, however, the trial court finds that appellant collected and retained rental in the sum of $920. There is no mention of rental in the conclusions of law or in the judgment. The evidence in the former case is not before us. It thus appears, and we must conclude that the matter of rental was not an issue in the case. Matters not in issue in the previous action are not res judicata. (15 Cal.Jur., p. 134.) The finding made upon the matter of rental was clearly outside the issues, and cannot constitute a bar to the present action. Furthermore, the finding was not necessary to the judgment, and

hence was not conclusive upon respondents. (*Chapman* v. *Hughes,* 134 Cal. 641 [58 P. 298, 60 P. 974, 66 P. 982].)''

In *Hutchison* v. *Reclamation Dist. No. 1619,* 81 Cal.App. 427, 437 [254 P. 606], the court says: ''It is unnecessary to analyze the cases cited by respondent which support the general rules that a judgment is conclusive not only as to the subject matter in controversy, but also as to every other matter that was or might have been litigated in the action. It is sufficient to say that this rule is not always applicable literally, but that 'what is really meant by this expression is that a judgment is conclusive upon the issues tendered by the plaintiff's complaint.' (*Concannon* v. *Smith,* 134 Cal. 14, 18 [66 P. 40, 42]; *Brown* v. *Brown,* 170 Cal. 1, 6 [147 P. 1168]; *Lang* v. *Lang,* 182 Cal. 765, 768 [190 P. 181]; *Linforth* v. *Montgomery,* 195 Cal. 49, 58 [231 P. 735].) Thus where a right has accrued subsequent to the former trial and an issue was not tendered or determined in the former trial and was not necessary to a complete disposition of the issues tendered, it could not be said that the former judgment would in every case be conclusive as to that issue.'' See, also, *Sanderson* v. *Niemann,* 17 Cal.2d 563, 573 [110 P.2d 1025]; *Phillips-Hollman, Inc.* v. *Peerless Stages, Inc.,* 210 Cal. 253, 259 [291 P. 178]; *Hobson* v. *King,* 94 Cal.App. 330 [271 P. 206].

█ Respondent contends that the contract here in question was construed by the federal court and found to be a lease and option to purchase. The entire proceeding in the federal court was placed in evidence in this case, and it is settled in this state that the plaintiff may avail himself of the remedy of res judicata even though he does not make it a part of his pleadings. (*Riverside Land etc. Co.* v. *Jensen,* 108 Cal. 146, 147 [41 P. 40]; *Wixson* v. *Devine,* 67 Cal. 341, 345 [7 P. 776]; *Clink* v. *Thurston,* 47 Cal. 21, 29.)

On page 677 of its opinion, the Circuit Court of Appeals says: ''Its unpatented claims were not open to location on the date Powell essayed to locate them. At that time appellant was in possession and was prosecuting work upon the claims as appellee's lessee.'' (*Whealton* v. *Pine Grove Nevada Gold Mining Co., supra.*) █ The issue of the leasehold nature of the contract was determined in the federal suit between the respondent's assignor and the appellant in this action, and as to that issue the doctrine of res judicata will apply. (*Bank of America* v. *McLaughlin,* 22 Cal.App.2d 411 [71

P.2d 291, 72 P.2d 554]; *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502, 509 [258 P. 387]; *Tiffany Productions, Inc.* v. *Superior Court*, 131 Cal.App. 729 [22 P.2d 275]; *Charles H. Duell, Inc.* v. *Metro-Goldwyn-Mayer Corp.*, 128 Cal.App. 376 [17 P.2d 781].)

Thus, the appellant in this action was the lessee under the contract from the time he entered on the premises until his eviction on July 19, 1938, and, as such is liable for the rental which accrued. (*Costello* v. *Martin Bros.*, 74 Cal. App. 782 [241 P. 588]; *Guiras* v. *Harry H. Culver & Co.*, 109 Cal.App. 743 [293 P. 705]; *Anheuser-Busch Brewing Assn.* v. *American Products Co.*, 59 Cal.App. 718, 723 [211 P. 817], and cases there cited, *Maurice Merc. Co.* v. *American Emp. Ins. Co.*, 140 Cal.App. 354, 358 [35 P.2d 1047].)

Appellant further complains as to the amount of the judgment which was awarded, directing his attention to certain ambiguous language contained in the contract. The language in question is contained in the first subdivision of the contract and reads as follows: ''1. That the party of the second part shall pay to the party of the first part the sum of Two thousand dollars ($2,000) at this date, and the further sum of Five hundred dollars ($500) on the 1st day of August, 1936, and the sum of Five hundred dollars ($500) on the first day of each month next ensuing until the reduction plant of second party upon the property herein described is in operation in 1936, and thereafter the sum of One thousand dollars ($1,000) on the first day of each month until the full purchase price has been paid by the party of the second part.''

As we construe this clause, the reduction plant was to be in operation in 1936. The judgment as awarded did not commence the $1,000 monthly rental until January 1, 1937. We do not see that appellant has any cause to complain of the judgment on this basis since the construction was in his favor.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing was denied March 11, 1944, and appellant's petition for a hearing by the Supreme Court was denied April 10, 1944. Edmonds, J., and Traynor, J., voted for a hearing.