FRANKLIN P. ROBERGE, Respondent, *v.* MARIA N. WINNE and Another, Appellants.

*Judgment — amendment only on notice — change of an equity judgment into a judgment at law.*

Assuming that a final decree can be altered or amended, although it does not contain a provision for the making of an application for such purpose, an alteration or amendment thereto cannot be made except on due notice.

An equity judgment decreeing the execution and delivery of a bond and mortgage cannot, by a provision in an order denying a motion for a stay, be, in effect, turned into a judgment at law for a sum of money by granting leave to issue execution for the sale of the land to satisfy the judgment.

APPEAL by the defendants, Maria N. Winne and Elizabeth Cavannah, from an order of the Supreme Court, made at the Westchester County Special Term and entered in the office of the clerk of the county of Westchester on the 17th day of June, 1893, denying the defendant's motion to declare void a certain certificate of sale and for other relief, and also from that portion of an order of the Supreme Court, made at the Westchester County Special Term and

entered in said clerk's office on the 25th day of February, 1893, granting the plaintiff leave to issue an execution for the sale of certain property to satisfy his judgment against the defendants recovered in such action.

_Andrew J. Shipman_ and _Edwin Luis Mooney_, for the appellants.

_F. H. Gray_, for the respondent.

PRATT, J.:

These are two appeals by the defendant Winne from orders made at Special Term : _First_, from an order granting leave to issue execution for the sale of real property ; and, _second_, from an order denying defendant's motion to vacate the sheriff's certificate of sale.

The action is in equity, brought to set aside a deed of premises described in the complaint, made by the defendant Winne to the defendant Cavannah, and to enforce by specific performance the execution and delivery by Winne to the plaintiff of a bond and mortgage for $3,500 on said premises.

In December, 1891, plaintiff owned certain real estate in New Jersey, and entered into a contract with the defendant Winne, whereby plaintiff agreed to convey said real estate to said Winne, and defendant Winne agreed to assign to plaintiff a mortgage for $3,500, representing that it was a purchase-money mortgage on property in the city of New York, and that there were no prior liens on said premises, except a lien for $21,000.

The plaintiff, in compliance with the agreement, conveyed said New Jersey premises to the defendant Winne, by proper deeds of conveyance, in the month of December, 1891.

It appeared, shortly after, that the premises in New York were incumbered by other liens to the extent of $33,000, which were prior to the mortgage which the defendant Winne was to assign to the plaintiff.

Thereupon, plaintiff and defendant Winne entered into a new agreement, by which the defendant Winne agreed to execute and deliver to plaintiff a mortgage upon the premises in question in the sum of $3,500, payable in one year.

The defendant Winne failed to execute and deliver this mortgage

to plaintiff, who thereupon brought this action for a specific performance of the contract, and asked that defendant be required to execute and deliver the bond and mortgage above referred to.

The court, at Special Term, gave judgment for plaintiff, directing the defendant Winne to execute a bond and mortgage on the real estate in question to the plaintiff, to be dated January 3, 1893, conditioned for the payment of the sum of $3,858.75 on January 3, 1894, with interest at six per cent per annum ; and further decreed that " the real property of the defendant Maria N. Winne, herein described, be subject to and bound by the lien of the judgment herein directed for said $3,858.75, and for $281.49, the costs."

The defendant Winne thereupon moved for a stay of proceedings, and on the 25th day of February, 1893, the court made an order denying defendant's motion for a stay of proceedings, and directing that the plaintiff " may issue execution for the sale of said property to satisfy the judgment and costs decreed in the above-entitled action."

It seems to us that the court erred in making the order that execution issue for a sale of the property to satisfy the judgment. The judgment directed defendant Winne to execute and deliver to plaintiff her bond and mortgage in the sum of $3,858.75, to bear date January 3, 1893, payable in one year from date, with interest at six per cent. It also decreed that the real property be subject to and bound by the lien of said judgment for said $3,858.75, and for $281.49 costs. It was in all respects a judgment in equity, requiring the defendant to do a specific act, and was a final judgment. In no sense can it be considered a judgment at law for a sum of money.

Without discussing the question whether a final decree can be altered or amended unless it contains some provision for such an application, it is sufficient to say that such an alteration or amendment cannot be made except on due notice.

Here, a judgment in equity is, in effect, turned into a judgment at law for a sum of money, and that, too, not on a motion to amend the judgment, but by adding to the order denying defendant's motion for a stay, something neither party had moved for, to wit, leave to issue execution for the sale of the land to satisfy the judgment.

So much of the order appealed from as directed a sale should be reversed, and the order denying defendant's motion to vacate the sheriff's certificate of sale should also be reversed, both with costs.

CULLEN, J., concurred; DYKMAN, J., not sitting.

A portion of the order appealed from reversed, with costs. Order to be settled by PRATT, J., on motion.