[S. F. Nos. 9227 and 9271. In Bank.—July 9, 1921.]

## MAY MONTGOMERY, Appellant, v. ALFRED L. MEYER-STEIN et al., Respondents.

[1] VENDOR AND VENDEE—RESCISSION FOR FRAUD OF VENDOR—RETURN OF MONEY—NONLIABILITY OF TRUSTEE AND BENEFICIARY UNDER TRUST DEED.—Where the trustee and beneficiary under a deed of trust joined in the execution of a contract for the sale of the encumbered property by the owner to a third party at the latter's request, and had no interest in the transaction except to have their lien satisfied out of the purchase money, they cannot be held personally liable to the vendee for the return of money paid by her on the secured debt, upon a rescission of the contract for the owner's fraud, of which they had no knowledge.

[2] ID.—LIEN FOR MONEY PAID AND EXPENDED—RIGHT OF VENDEE.—A vendee under a contract of sale upon a rescission of the contract for the fraud of the vendor is entitled to a lien upon the property for the amount of the purchase money paid and the expenditures made upon the property, including taxes and insurance.

[3] ID.—FAILURE OF CONSIDERATION—CONSTRUCTION OF CODE.—Section 3050 of the Civil Code, which limits the right to a lien for the purchase money paid on real property to cases where there is a failure of consideration, was not intended to be exclusive and to abrogate the previously established rules of equity on the subject, since the reasons for the rule which gives the vendee the right of rescission apply as forcibly to cases of rescission for fraud as to cases of failure of consideration.

[4] ID.—VENDEE IN POSSESSION—ACCOUNTING FOR VALUATION OF USE UPON RESCISSION.—A vendee who has been in possession should, upon claiming rescission and a lien for the purchase money paid, account for the value of the use of the property during the time he has been in possession.

[5] ID.—VALUE OF PROPERTY—AGREED PRICE—RIGHT OF RESCISSION UNAFFECTED.—The right to rescind a contract for the sale of real property for fraud of the vendor is not prevented by reason of the fact that the property is worth as much as the price agreed upon, if it appears that it would have been worth more if the representations which procured it had been true.

[6] ID. — COST OF HOUSE ON PROPERTY — FALSE REPRESENTATION OF VENDOR—KNOWLEDGE OF NAME OF CONTRACTOR AND INSPECTION OF CONTRACT—VENDEE NOT PUT UPON INQUIRY.—A vendee under a contract for the sale of real property was not put upon inquiry as to the truth of the false representation made by the vendor as to the cost of the house on the property by the fact that she

was informed of the name of the contractor and inspected the contract itself, which had been padded in amount.

[7] ID.—LIEN OF VENDEE FOR MONEY PAID AND EXPENDED—PRIORITY OF LIENS OF TRUST DEED AND MORTGAGE.—Upon the rescission of a contract for the sale of real property on the ground of the fraud of the vendor, the lien of the vendee for the return of the money paid and expended is subject to the liens of a deed of trust and of a mortgage existing on the property before the execution of the contract.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for entry of judgment against a certain defendant and for a lien upon the property. George A. Sturtevant, Judge. Reversed.

The facts are stated in the opinion of the court.

Lovett K. Fraser, Ornbaun & Fraser, Casper A. Ornbaun and Cleveland R. Wright for Appellant.

Walter H. Linforth for Respondents.

SHAW, J.—The complaint states a cause of action in favor of the plaintiff against the defendants to recover of the defendants the sum of $2,020 upon the rescission of a contract executed by the defendants to the plaintiff for the conveyance of a certain lot. The money sought to be recovered consists of five hundred dollars paid by plaintiff to defendant Brown and $1,170 paid by her to defendant Forest Hill Realty Company, both sums being paid as part of the purchase price of said property, and several sums paid upon the property, the items being $215 for improvements upon the property, ten dollars for a defective door in a house erected on the property by the defendants, seventy-five dollars for taxes, and fifty dollars for insurance on the property. The ground upon which the rescission was claimed was the false and fraudulent representations of the defendants to the plaintiff concerning the property which induced her to enter into the agreement of purchase. The complaint also asks that the plaintiff be given a lien upon the property for the above-stated amounts. Issues were taken upon the material allegations of the complaint, the cause was tried by the court, and findings were made and judgment rendered in favor of

the plaintiff against the defendant Brown alone for the recovery of $2,020, being the total amount demanded in the complaint as aforesaid, but without declaring any lien upon the property, and in favor of the other defendants against the plaintiff for their costs. Thereafter the plaintiff moved the court, under section 663 of the Code of Civil Procedure, to enter a judgment on the findings for $1,170 against the Forest Hill Realty Company and for a lien upon the property contracted to be sold by defendants to the plaintiff for the amount due her from the Forest Hill Realty Company and Brown. This motion was denied. Plaintiff has appealed from the judgment and also from the order denying the said motion. The appeals were taken separately and separate transcripts were filed. The appeal from the judgment is numbered 9227, and that from the order denying the motion is numbered 9271. As the same questions are presented by both appeals, it is unnecessary to distinguish between them in the opinion.

The facts stated in the findings are as follows: On September 23, 1915, while Brown was the owner of the land sold to the plaintiff, he executed to defendant Meyerstein a deed of trust of said land to secure the payment of $2,125 then owing by him to defendant Forest Hill Realty Company. The property was also then subject to a prior lien executed by Brown to the Bank of Italy to secure the payment of three thousand five hundred dollars owing by him to said bank. The agreement of sale between the defendants and the plaintiff was executed on February 7, 1916. The negotiations were conducted by Brown alone and the representations complained of were made by him alone. Neither of the other defendants had any part therein and had no knowledge thereof at the time they executed the agreement, or afterward, so far as appears, until this suit was begun. While the negotiations for the agreement of sale were pending the plaintiff learned of the fact that the property was encumbered by the deed of trust and mortgage aforesaid. Because of this fact, and for no other reason, plaintiff requested that the two other defendants, Meyerstein, the trustee, and Forest Hill Realty Company, the beneficiary under the deed of trust, join in the execution of the agreement, and they did so. She knew that they had no right or title to the property and she fully understood that she was

not buying the property from them, but was purchasing it from Brown. The agreement for the sale fixed the price of the property at $7,630, of which five hundred dollars was paid to Brown. upon its execution. The balance of the price was to be paid in installments of sixty-five dollars per month, with interest at six per cent per annum, to the Forest Hill Realty Company until the entire sum was paid. The opening paragraph named the three defendants as *"parties* of the first part." Thereafter in describing the parties the phrase used is "party of the first part.". It provides that upon full payment "the party of the first part" will execute to the plaintiff a deed conveying title to her free and clear of all encumbrances. The false representation by which plaintiff was induced to execute the agreement was made by Brown and was to the effect that the house then on the premises had cost five thousand dollars, and to establish that fact to her satisfaction he exhibited to her the contract between himself and the contractor who erected the same, which stated that the contract price was five thousand dollars. The fact was that the contract price was only four thousand one hundred dollars, and the court found that the written contract therefor was "padded to the amount of nine hundred dollars for the express purpose of making the buyer believe that the house cost five thousand dollars." The plaintiff would not have purchased the property had it not been for such fraudulent representation, and she believed it to be true. She immediately took possession of the property and thereupon proceeded to make the monthly payments to the Forest Hill Realty Company until she had paid it the sum of $1,170. After taking possession she expended $215 for improvements consisting of a fence on the property and some stairs and hardwood floors in the house, ten dollars paid on account of a defective door, seventy-five dollars for taxes, and fifty dollars for an insurance premium on the house, making the total payment $2,020. The plaintiff first learned of the fact that the said representation as to the cost of the house was false and fraudulent on September 22, 1917. She immediately demanded the return of the money she had paid upon the contract and for the expenditures thereon as aforesaid and offered to restore what she had received under the contract. Thereupon she began this action.

[1] We find no merit in the claim of the plaintiff that the Forest Hill Realty Company and Meyerstein are liable for the money paid by plaintiff on the agreement and for the improvements made and for taxes and insurance because of the fact that they are parties to the agreement of purchase. The facts found clearly show that they had no interest in the purchase other than the fact that they held the encumbrance upon the property by virtue of the deed of trust and the obligation of Brown. It was the plaintiff herself who requested them to sign the agreement, and it is obvious that her object was to protect herself against the contingency that the encumbrances aforesaid might not be paid if the payments were made to Brown. The payments made did not fully satisfy the claim of the Forest Hill Realty Company under the deed of trust. Neither that company nor Meyerstein had any knowledge whatever of the fraud of Brown in procuring the agreement to be executed. They were innocent participants in the agreement and they were entitled to the money upon the preceding obligation of Brown to the Realty Company. They are not responsible for Brown's fraud, and the only recourse of the plaintiff was against Brown alone. As the money they received was owing to them prior to the execution of the agreement, they cannot be charged with having received it by reason of the fraud, nor can it be held Brown was their agent in procuring the agreement by means of the fraudulent representations so as to make them responsible for the return of the money. While the agreement on its face appears to be the agreement of all three of the parties of the first part, it is obvious from the facts that the other two parties had no interest in the transaction except so far as they had a lien upon the property to be satisfied out of the purchase money. The obligation to convey the property would bind them to join in the conveyance upon full payment of the price, if any part of the encumbrance they held remained unpaid or undischarged at that time. The estate of Meyerstein under his deed would absolutely cease upon the payment of the debt of Brown to the Realty Company (Civ. Code, secs. 871, 2279), and the only purpose to be served thereafter by having Meyerstein join in the conveyance would have been to make the record title clear. (*McLeod* v. *Moran*, 153 Cal. 100, [94 Pac. 604].) Under these circumstances we are of the opinion that no per-

sonal obligation against them for the return of the money paid on the price or expended upon the property was created by the rescission of the contract for the fraud of Brown.

[2] We are further of the opinion that under the facts in this case the plaintiff was entitled to a lien upon the lot for the amount of the purchase money paid by her and the expenditures she made upon the property, including the taxes and insurance. [3] The claim of the defendants in this behalf is that under section 3050 of the Civil Code the right to a lien for the purchase money paid is limited to cases where there is a failure of consideration, and does not extend to cases where the contract is properly rescinded by the vendee on the ground that fraudulent representations of the vendor induced the execution of the contract. We do not understand that section 3050 was intended to be exclusive and to abrogate the previously established rules of equity on the subject. It contains no language to that effect and we can perceive no reason why it should be so interpreted.

The reasons for the rule which gives the vendee the right to rescind upon the failure of the vendor to execute the contract or the avoidance thereof for any reason, and to a lien upon the land, apply as forcibly to cases of rescission for fraud as to cases of failure of consideration, and are thus clearly stated by the English court of chancery in *Rose* v. *Watson,* 10 H. L. C. 672, [11 Eng. Reprint, 1190]: "When the owner of an estate contracts with a purchaser for the immediate sale of it, the ownership of the estate is, in equity, transferred by that contract. . . . Every portion of the purchase money paid in pursuance of that contract, is a part performance and execution of the contract, and, to the extent of the purchase money so paid, does, in equity, finally transfer to the purchaser the ownership of a corresponding portion of the estate. . . . In conformity, therefore, with every principle, the purchaser paying the money acquired an interest in the estate by force of the contract and of that part performance of the contract, namely, the payment of that portion of the purchase money." And thereupon the court adjudged that the vendee was entitled to a lien upon the property for the purchase money paid. (See, also, 2 Sugden on Vendors [672].) The doctrine is also stated as follows: "If the contract fails, or *is avoided,* because of the

inability or refusal of the vendor to make a proper title, or *because of fraud or misrepresentation in the contract,* or for any other reason chargeable to the vendor and which is not due to the default of the vendee, he is given a lien upon the land as security for the repayment of what he has paid in performance of the contract.'' (29 Am. & Eng. Ency. of Law, 730; 39 Cyc. 2032.) The italics are ours. ''The lien also exists to secure the vendee any amount to which he is entitled for having erected improvements upon the land.'' (29 Am. & Eng. Ency. of Law, 730; 39 Cyc. 2037.) It also extends to expenditures for taxes and insurance. (2 Black on Rescission, sec. 694.) Many cases are cited to the proposition stated in these authorities and they fully support the text. It is unnecessary to cite them here.

[4] Perhaps it should be stated as a complete exposition of the doctrine that the vendee who has been in possession should, upon claiming such rescission and lien for the purchase money paid, account for the value of the use of the property during the time he has been in possession. This being an appeal by the plaintiff for an additional judgment giving a lien for the purchase money and expenditures, and the defendants having made no claim for such rentals in their pleadings, the question does not arise upon this appeal and it is not presented in the briefs.

[5] The respondents claim that the court below was in error in adjudging that the plaintiff had a right to rescind. The argument is that the findings predicate the right to rescind solely upon the fact that Brown made false statements concerning the contract price of building the house upon the premises and that it is not stated in the findings that the property was not worth the full amount of the price agreed upon. The case comes up upon the judgment-roll alone and the evidence is not shown. It is well settled that in a case of fraud the fact that the property was worth as much as the price agreed upon does not prevent the right of rescission if it appears that it would have been worth more if the representations which procured it had been true. (*Spreckels* v. *Gorrill,* 152 Cal. 389, [92 Pac. 1011]; *Davis* v. *Butler,* 154 Cal. 627, [98 Pac. 1047].)

[6] There is no merit in the objection that the plaintiff was guilty of laches in not making her offer to rescind sooner. The findings show that she did not discover the falsity of the

representation until about one month prior to the beginning of the action. The fact that she was informed of the name of the contractor and inspected the contract itself was not sufficient to put her upon inquiry as to the truth of the statement. On the contrary, its tendency was to lull her into security regarding it.

[7] It is necessary to add that the lien to which the plaintiff is entitled, to secure the return of the money she has paid on the price and expended on the property, is subject to the lien of the Forest Hill Realty Company for the remainder of the debt secured to it by the deed of trust to Meyerstein and also subject to the prior mortgage to the Bank of Italy. The decree to be rendered upon the going down of the *remittitur* should so declare. The court should have granted the motion to enter a different judgment with respect to the lien claimed for the amount of expenditures made, but subject to the aforesaid prior liens. It correctly refused to enter personal judgment against the Forest Hill Realty Company for $1,170 paid to it upon the purchase price.

The judgment is reversed and the cause remanded, with directions to the court below to enter judgment in favor of the plaintiff against Brown for the sum of $2,020, with interest to the date of such entry, and declaring a lien therefor upon the property described in the complaint, subject to the liens of the Forest Hill Realty Company and the Bank of Italy aforesaid.

Wilbur, J., Lennon, J., Angellotti, C. J., Sloane, J., Shurtleff, J., and Lawlor, J., concurred.