[S. F. No. 10555. In Bank.—December 5, 1924.]

MAY MONTGOMERY, Respondent, v. ALFRED L. MEYERSTEIN, as Trustee, etc., et. al., Appellants.

[1] EXECUTION—ISSUANCE BY CLERK—AUTHORITY—FORECLOSURE OF LIEN.—The provisions of the Code of Civil Procedure regulating the issuance of writs of execution do not authorize the clerk of the trial court to issue a writ of execution having for its effect the foreclosure of a lien upon specific real property, in the absence of any provision in the decree establishing the lien which ordains its foreclosure; nor can an execution issue for the sale of specific property encumbered by a vendee's lien without a direction in the judgment establishing such lien which shall decree its foreclosure and the sale of the property and distribution of the proceeds thereof among the parties interested in such property or having other and prior liens thereon as their interest may appear in such decree.

[2] ID.—SUBDIVISION 1, SECTION 682, CODE OF CIVIL PROCEDURE.—The provisions of subdivision 1 of section 682 of the Code of Civil Procedure providing, "if the judgment be a lien upon real property then out of the real property of the judgment debtor belonging to him (the judgment debtor) on the day when the judgment was docketed or any time thereafter," refers to such personal

---

1. See 10 R. C. L. 1264.

judgments for money as, when docketed, become liens upon
the real property of the judgment debtor belonging to him
on the day when the judgment was docketed or at any time
thereafter.

[3] Id.—Action by Vendee of Real Property—Purchaser's Lien—
Execution—Sale of Property.—In an action by a vendee of
real property against the vendor, where plaintiff seeks not
merely the obtaining of a personal judgment against the
vendor for the recovery of moneys claimed to have been paid under
fraudulent representations, but also the establishment of her
purchaser's lien upon specific real property affected by it,
an application for a writ of execution is in effect the fore-
closure of such lien by means of a judicial sale of the prem-
ises through the medium of the writ and is controlled by sec-
tion 684 of the Code of Civil Procedure, and the writ cannot
issue in the absence of a direction amounting to an order of
sale in the decree.

[4] Id.—Void Execution—Quashing.—Where a writ of execution
is utterly void as lacking both statutory and the decretal
authority for its issuance, it is the duty of the trial court
of its own motion, upon the essential invalidity of said writ
being brought to its attention from any source, to recall and
quash it, and the fact that the moving parties in a motion for
such an order were for any reason not qualified to urge such
motion would in nowise affect the duty of the court in this
regard.

[5] Id.—Motion to Recall Execution—Parties.—Where one was
an original party to such an action and by the decree adjudged
entitled to a statutory lien upon the real property to which
the lien of the plaintiff was made subject, it is doubtful if
the trial court would be justified in refusing to permit him to
be heard upon a motion for the recall of a void execution,
upon the ground that on account of some collateral transac-
tions subsequent to the judgment he had ceased to be inter-
ested in the property to be affected by such void and irregular
process.

(1) 37 C. J., p. 343, sec. 70; 39 Cyc., p. 1874.    (2) 37 C. J., p. 343,
sec. 70.    (3) 37 C. J., p. 343, sec. 70.    (4) 23 C. J., p. 541, sec. 426.
(5) 23 C. J., p. 542, sec. 426.

APPEAL from an order of the Superior Court of the
City and County of San Francisco denying a motion to

3.  See 11 Cal. Jur. 39.
4.  See 11 Cal. Jur. 58; 10 R. C. L. 1253.

quash and recall an execution. T. I. Fitzpatrick, Judge. Reversed.

The facts are stated in the opinion of the court.

R. L. McWilliams and Walter H. Linforth for Appellants.

Lovett K. Fraser and Cleveland R. Wright for Respondent.

RICHARDS, J.—This appeal is from an order of the trial court denying the motion of the appellants to recall and quash a writ of execution. The history of the transaction and of the litigation between the parties hereto which finally resulted in the issuance of said execution and the motion for its recall, the denial of which led to this appeal, is quite fully set forth by this court upon a former appeal in this case, reported in *Montgomery* v. *Meyerstein et al.,* 186 Cal. 459 [199 Pac. 800], and the facts as therein recited and the law as therein declared, in so far as they go, are to be taken as the facts and as the law of the case upon this appeal. These may be briefly restated as follows: On February 7, 1916, one Otto A. Brown was the owner of a certain tract of land described as lot 16, block 29, of the Forest Hill Extension, in the city of San Francisco, and which was at that time subject to two encumbrances, viz., a deed of trust executed by him to Alfred Meyerstein as trustee to secure the payment of an indebtedness due by Brown to the Forest Hill Realty Company, and also to a prior mortgage executed by Brown to the Bank of Italy to secure the payment of an indebtedness due by him to said bank. On said February 7, 1916, Brown entered into a contract with the plaintiff herein for the conveyance to her of said tract of land upon the payment by her of certain sums as the purchase price thereof. While the negotiations were pending which resulted in the making of said contract the plaintiff herein, learning of the existence of these two encumbrances, requested that Meyerstein and the Forest Hill Realty Company join in the execution of said contract. In so doing she fully understood that these two latter signers of said contract had no title to the property and that she was buying the same not from them but from Brown. After taking possession of the property under said contract and making certain monthly pay-

ments upon the purchase price thereof, which aggregated the sum of $1,170, and expending certain other moneys upon improvements and for taxes and insurance, which brought her aggregate expenditures up to the sum of $2,020, she discovered that said Brown had made certain false and fraudulent representations to her as to the original cost of the house upon the premises, and in consequence thereof demanded the return of the moneys she had thus paid, and offered to restore whatever she had received under said contract. This demand and offer being refused, she commenced the present action for the rescission of said contract and for the recovery of the moneys she had paid and expended thereunder, making all of the parties who had signed said contract parties to the action. The material averments of her complaint being put in issue, the cause went to trial and resulted in a judgment in favor of the plaintiff and against the defendant Brown alone for the recovery of $2,020, but without declaring any lien upon the property, and to a judgment in favor of the other defendants for their costs. Thereupon the plaintiff moved the court for a judgment on the findings for $1,170 against the Forest Hill Realty Company and for a lien upon the said property for said amount. This motion was denied, whereupon the plaintiff took two appeals, one from the judgment generally and one from the order denying her said motion. Both appeals were considered together, and in deciding the same this court, while upholding the judgment generally in the plaintiff's favor, reversed the same and remanded the cause with direction to the trial court to enter judgment in favor of the plaintiff and against Brown for the sum of $2,020, with interest to the date of such entry, and declaring a lien therefor upon the property in question, subject to the liens of the Forest Hill Realty Company and the Bank of Italy. (*Montgomery v. Meyerstein, supra.*) Upon the going down of the case with this direction the trial court obeyed the direction to the letter in respect to said judgment, and in respect to the plaintiff's lien adjudged and decreed that "a lien is hereby declared and decreed for the total amount thereof, to wit, Two thousand six hundred and ninety-two and 60–100 ($2,692.60) on the property described in plaintiff's complaint" (describing it). The trial court further adjudged

and decreed "that said lien hereinabove described is subject, however, to the lien of that certain mortgage of the Bank of Italy, a corporation, dated September 22d, 1915, and recorded September 25th, 1915, in liber 399 of mortgages, page 379 records of the county recorder of the City and County of San Francisco, to secure the payment of three thousand five hundred ($3500.00) dollars with interest, and all other moneys provided in said mortgage. It is further ordered, adjudged and decreed, that said lien of plaintiff hereinabove described is subject also to the lien of the Forest Hill Realty Company, wherein Otto A. Brown is the party of the first part, and Alfred L. Meyerstein is the party of the second part, dated September 23rd, 1915, reecorded September 25th, 1915, in vol. 888 of deeds at page 249, records of the county recorder of the City and County of San Francisco, to secure the payment of two thousand one hundred and twenty-five ($2125.00) dollars with interest and all other moneys provided in said deed of trust, less one thousand one hundred and seventy ($1170.00) dollars, paid on said deed of trust by plaintiff to Forest Hill Realty Company, a corporation, prior to September 1st, 1917." The foregoing judgment was entered on August 23, 1921. On May 24, 1922, the clerk of the trial court, upon the plaintiff's application and without any further judgment, order, or direction of said court, issued a writ of execution directed to the sheriff of the city and county of San Francisco, reciting the substantial terms of said judgment and commanding the said sheriff to make levy of said execution for the sums of money due to the plaintiff on said judgment, and to satisfy the same out of the specific real property involved in said action. The said sheriff proceeded to make such levy in accordance with the direction of said writ, whereupon and on May 24, 1922, the defendant Meyerstein and said Linforth appeared and moved said court to recall and quash said writ of execution, basing their said motion upon the following grounds:

"1. That said writ of execution was wrongfully, unlawfully and improperly issued.

"2. That the judgment in the said action does not direct the issuance of the said writ of execution, or of any writ of execution, nor the sale of the property described in the said

judgment and writ of execution, and does not foreclose any lien of plaintiff.

"3. That the said writ of execution does not require the sheriff to satisfy the said judgment out of the personal property of the judgment debtor therein if sufficient personal property can be found for that purpose, but instead orders the sale of the specific real property described in said judgment and said writ of execution.

"4. That neither the said judgment nor the said writ of execution contains any direction as to the application of the proceeds of any property sold thereunder.

"5. That no notice of intention to apply for the issuance of the said writ of execution was given to the other lien claimants named in the said judgment.

"6. That the lien of said plaintiff in satisfaction of which the property described in the said judgment is about to be sold by plaintiff was extinguished on October 15, 1921, by the sale of the said property by Alfred L. Meyerstein as trustee, under the deed of trust referred to in the said judgment, to Walter H. Linforth, pursuant to the terms of said deed of trust, and that the said Walter H. Linforth is now the owner of said real property free and clear of the said lien of the said plaintiff."

Upon the hearing upon said motion affidavits and counter-affidavits were offered and read in evidence by the respective parties to the action and upon its submission the trial court denied said motion; and it is from its order denying the same that this appeal has been taken.

While there are numerous questions discussed by counsel for the respective parties in their briefs herein it seems to us that the primary question presented by the record herein relates to the right of the plaintiff in this action to have an execution issued for the enforcement of the judgment which she now holds in this action against the specific property described therein. This was an action in equity wherein the plaintiff sought the rescission of a contract for the purchase and sale of the piece of real estate described in her complaint upon the ground of fraud, and also sought to have declared and imposed upon said property the purchaser's lien provided for in section 3050 of the Civil Code to the extent of the amount paid by her upon the purchase

price thereof under said contract. She obtained in the first instance a personal judgment against Otto A'. Brown for the sum of $2,020 with interest and costs, but as to the other defendants obtained primarily no relief. Not satisfied with this judgment she appealed her case to this court, which, as we have seen, in *Montgomery* v. *Meyerstein, supra,* declared her entitled to the added relief of a lien to the extent of a portion of her said judgment upon the aforesaid real property. The trial court accordingly directed the entry of a new judgment establishing her said lien to the extent indicated by the decision of this court and impressing the same upon said property. But the trial court went no further than that in its said decree, for the dual reason, doubtless, that such was the limit of the relief sought by the plaintiff in her complaint in the action and that such was also the limit of the relief awarded her by the decision of this court upon appeal. She had not asked for and she did not receive by the reformed judgment of the trial court any decree directing the foreclosure of said lien or directing or authorizing the issuance of any writ of execution or order of sale having such effect. [1] This being so, we look vainly through the title and chapter of the Code of Civil Procedure regulating the issuance of writs of execution for any authority reposed in the clerk of the trial court to issue a writ of execution having for its effect the foreclosure of a lien upon specific real property to the absence of any provision in the decree establishing the lien which ordains its foreclosure; nor are we cited by respondent to any authorities supporting the view that an execution can issue for the sale of specific property encumbered by a vendee's lien without a direction in the judgment establishing such lien which shall decree its foreclosure and the sale of the property and the distribution of the proceeds thereof among the parties interested in such property or having other and prior liens thereon as their interests may appear in such decree.

[2] The respondent, however, insists that the provisions of subdivision 1 of section 682 of the Code of Civil Procedure are susceptible of being interpreted so as to cover this sort of judgment and sustain the issuance of this writ. The particular portion of said subdivision which the respondent deems applicable to the situation is that portion

thereof which reads: "If the judgment be a lien upon real property then out of the real property belonging to him [the judgment debtor] on the day when the judgment was docketed or at any time thereafter." A careful reading of the above clause with its context in said section will make it apparent that it refers to such personal judgments for money as, when docketed, become liens upon the real property of the judgment debtor "*belonging* to him on the day when the judgment was docketed or at any time *thereafter*"; or, in other words, to such judgments and judgment liens as are referred to and provided for in section 671 of the Code of Civil Procedure; and it becomes doubly apparent that said portion of subdivision 1 of section 682 of the Code of Civil Procedure can be given no application to this case or to the writ of execution sought to be issued herein when it appears as an undisputed fact upon the face of this record that the specific piece of real property upon which the writ herein is directed to be levied did not belong to the judgment debtor Otto A. Brown on the date said judgment was docketed or at any time thereafter, but that in point of fact, as the plaintiff and respondent herein herself affirmatively proved, said Otto A. Brown had parted with all of his right, title, and interest in said property by deed of conveyance thereof to Meyerstein on July 20, 1916, which was more than a year before the commencement of the present action and nearly three years prior to the entry of any judgment therein.

[3] Bearing in mind that the plaintiff in this action has been seeking throughout it not merely the obtaining of a personal money judgment against Otto A. Brown in an ordinary action at law, but that she was and is seeking as the primary object of this action the aid of a court of equity in the establishment of her purchaser's lien upon the specific real estate affected by it; and bearing in mind also that in her application for a writ of execution she is seeking in effect the foreclosure of such lien by means of a judicial sale of said premises through the medium of such writ, we must look to the section of the Code of Civil Procedure which relates to the enforcement of judgments or decrees of that character and which defines the nature and extent of such a writ; and we find it in section 684 of the Code of Civil Procedure and in that portion thereof which

reads as follows: "When the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment, or the material parts thereof and directing the proper officer to execute the judgment by making the sale and applying the proceeds in conformity therewith." In the case of *Southern Cal. Lumber Co.* v. *Ocean Beach Hotel Co.*, 94 Cal. 217 [28 Am. St. Rep. 115, 29 Pac. 627], this court indulged in an interesting discussion of the history and purpose of section 684 of the Code of Civil Procedure, and particularly of the foregoing portion thereof, from which it appeared that in the earlier procedure and practice of the courts of this state a distinction was recognized and practiced between the mode of executing a common-law judgment and a decree in equity, in the course of which it was stated: "A decree or a decretal order for the sale of certain specific property, made by a court of equity, differs materially from a common-law judgment. Instead of running against the entire property of the judgment debtor, it specifies the property which the court directs to be sold for the purpose of carrying its judgment into effect, and the officer, in executing this order, acts under the direct mandate of the court, without the power or necessity of taking any property from the possession of the defendant. Such a judgment under the chancery system was not carried into effect by a writ of execution, but a certified copy thereof was furnished to the master as his authority for making the sale, and the master was at liberty to exercise his discretion in regard to the time and place at which the sale should be made. (Wiltsie on Mortgage Foreclosures, sec. 517; *Blossom* v. *Railroad Co.*, 3 Wall. 208 [18 L. Ed. 43, see, also, Rose's U. S. Notes].)" The court further proceeded to show that this practice widely prevailed in this state until, in 1874 (Stats. 1873–74, p. 321), section 684 of the Code of Civil Procedure was amended so as to embrace the provision still retained therein and which is above set forth. "In this amendment," says the court, "there is preserved the distinction between the mode of executing a common law judgment and a decree in equity"; and the court further proceeds to clearly indicate that the writ which is issued under the terms of said section is in the nature of an order of sale which derives its vitality from the direction for such sale which is embraced in the terms of the decree. In the case of *Hager* v.

*Astorg,* 145 Cal. 548 [104 Am. St. Rep. 68, 79 Pac. 68], the foregoing distinction between a writ of execution issued upon an ordinary money judgment and the writ which is issued for the enforcement of a decree is again emphasized. The court says: "Upon a money judgment it is, of course, clear that there can be nothing in the terms of the judgment authorizing a sale of property to satisfy it, and the only authority which the sheriff can obtain to do so must be by virtue of a valid writ of execution issued by the clerk and placed in his hands for that purpose. His authority to sell can be derived solely under the writ. His authority to sell under a foreclosure proceeding is, however, derived from the decree, and the specific directions to sell which it contains." An instructive and persuasive, though not authoritative, case bearing upon this question is the case of *Roberge* v. *Winne,* 75 Hun, 597 [27 N. Y. Supp. 601], wherein upon a state of the New York statutes relating to executions similar to our own the court held that a writ of execution could not issue upon a decree imposing a lien upon specific real property in the absence of a direction amounting to an order of sale in the decree. It would seem to clearly follow that in the absence of any provision in the decree of the court directing a sale of the premises upon which by said decree a lien has been imposed an ordinary writ of execution issuable to enforce a common-law judgment has no office and cannot be availed of as a substitute for an absent order of sale.

[4] The respondent herein contends, however, that even if it be conceded that the writ of execution assailed herein be defective in the above or any other respect, the appellants herein were not shown to have had any such interest in the real property affected thereby, at the time of making their said motion to recall and quash the same, as to be entitled to be heard upon said motion. The burden of the respondent's showing upon the hearing on said motion was directed to the several propositions that as to the interest of the appellant Meyerstein in said property it affirmatively appeared that he had long prior to the entry of said judgment, the issuance of said writ, and the presentation of said motion to recall and quash the same wholly parted with all of his right, title, or interest therein in his own right by the conveyance thereof to William H. Levings and wife by grant

deed executed on March 7, 1921, and recorded on March 11, 1921; and that in so far as the said Meyerstein had any interest in said real estate by virtue of the deed of trust made to him by Otto A. Brown to secure the indebtedness of the latter to the Forest Hill Realty Company, such interest had been merged in the conveyance of said property which he had later received from the said Forest Hill Realty Company and passed to the Levings by virtue of his said grant deed to them; and that if it did not so pass his said. interest as trustee of said property was sold at the trustee's sale under the terms of said deed of trust and thus ceased to be, in so far as said Meyerstein is concerned; and that in so far as the alleged interest in said property in the appellant Linforth is concerned he had none, for the reason that prior to the sale of said property under the terms of said deed of trust to him the interest created by said trust deed had already ceased through the merger thereof in the greater title which Meyerstein had acquired to the property through the deeds both of Brown and of the Forest Hill Realty Company to him, and hence that Linforth acquired nothing by his purchase of said property at trustee's sale; and for the further reason that to whatever distance Meyerstein has separated himself from having any further interest in said real estate he has also carried Linforth, who, by his own admission, has been acting throughout as the agent of Meyerstein and not otherwise. These several reasons powerfully influenced the trial court in arriving at the conclusion that the appellants were entitled to no relief upon their said motion; in fact, they are the only reasons which can be offered as a justification for its said order denying the appellant's motion for the recall of said writ. Assuming the foregoing facts relied upon by the respondent to have been the proper subject of proof upon the hearing of a motion to recall an execution, and assuming them to have been fully proven, we are not convinced as to their sufficiency to justify the court's order. Having determined that said writ of execution was utterly void as lacking both the statutory and the decretal authority for its issuance, we think that it was the duty of the trial court of its own motion and upon the essential invalidity of said writ being brought to its attention from any source to recall and quash it. The fact that the

moving parties in a motion for such an order were for any reason not qualified to urge such motion would in nowise affect the duty of the court in this regard. **[5]** But aside from this we are far from satisfied that the reasons offered by the respondent constitute good ground for denying at least one of said appellants the right to urge said motion. Alfred L. Meyerstein is one of the original parties defendant in this action and in the judgment or decree therein is decreed to be entitled to a superior lien upon said real estate to which the lien of the plaintiff herein is made subject. As to said defendant Alfred L. Meyerstein the plaintiff was denied any relief by the express terms of said decree. On the face of the record in the action said Meyerstein at the time he made said motion appeared to be entitled to make the same, both because he was a party to the action and because by the very terms of the judgment he was decreed to have an adversary interest in the real estate involved therein. This being so we gravely doubt that the trial court would be justified in refusing to permit such a party to be heard upon a motion for the recall of a void execution upon the ground that on account of some collateral transactions subsequent to the judgment he had ceased to be interested in the property to be affected by such void and irregular process. He was still a party to said action, and even though he had parted with all interest therein or in the property affected thereby his transferees would be entitled under section 385 of the Code of Civil Procedure to have the same continued in his name and to assert or defend their acquired interests in his name. Besides, the undisputed fact appears in this record that at the time of the conveyance by Meyerstein of the property affected by this writ to the Levings he had entered into a written agreement to hold harmless his said grantees against the claim of the plaintiff in this action against said real estate or any lien asserted by her thereon. We think that as to the appellant Meyerstein at least the foregoing undisputed facts would suffice to entitle him to appear in resistance to this writ and to move for its recall. This being so it is unnecessary to determine what the rights or interests of his coappellant Linforth may be in the premises. It would seem clear that the trial court was in

error in making its order refusing to recall and quash the writ of execution improperly issued herein.

The order is reversed.

Myers, C. J., Shenk, J., Seawell, J., Lennon, J., Waste, J., and Lawlor, J., concurred.