No. 88-306

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

VERN D. WARNER and BERNICE M. WARNER,

Plaintiffs, Counter-Defendants
and Appellants,

-vs-

MICHAEL L. PETERSON,

Defendant, Counter-Claimant and
Respondent,

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Greg L. Ingraham, Ronan, Montana

For Respondent:

Snavely and Phillips; Robert J. Phillips, Missoula,
Montana

Submitted on Briefs: Sept. 9, 1988

Decided: October 17, 1988

FILED

'88 OCT 17 AM 9 48

CLERK
MONTANA SUPREME COURT

Filed: _____
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal from the Twentieth Judicial District, in and for the County of Sanders, arises from a dispute over a contract for the sale of property near Noxon, Montana. We affirm.

The relevant facts are as follows: Appellants Warners agreed in writing to sell the Bull River Resort to respondent Peterson on an installment basis. The agreement provided for an award of attorney fees and litigation costs to the winner of any dispute arising from the contract.

Peterson stopped making payments for the property following a dispute with Warners. Warners sued to enforce the contract's forfeiture provision. Peterson counterclaimed for damages and in the alternative petitioned to rescind the contract alleging failure of consideration and misrepresentation on the part of Warners.

The parties tried their claims before a Sanders County jury. During trial Warners mortgaged the subject property to their attorney to secure attorney fees owed by Warners.

The jury granted rescission for Peterson. Peterson moved for attorney fees and litigation costs. The District Court granted Peterson's motion and incorporated the award in its judgment entitling Peterson to the return of funds paid for the property. The judgment ordered payment within 30 days. The judgment also provided for satisfaction by foreclosure of the contract property in the event Warners failed to pay within 30 days.

Warners failed to pay the judgment. Except for the contract property, Warners have no means to satisfy the

judgment. The sale of the property may or may not provide sufficient funds to cover both parties' attorney fees.

Peterson filed a motion to determine priorities. Pursuant to the motion, the District Court held that Peterson's award of attorney fees and costs was part of a purchaser's lien which took priority over the mortgage filed during the course of the litigation to secure Warners' attorney fee debt. This decision is the the only alleged error. We affirm.

The District Court applied § 71-3-1302, MCA, which reads:

> **Purchaser's lien on real property.** One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the <u>amount paid</u> as he may be entitled to recover back, in case of a failure of consideration.

Section 71-3-1302, MCA (emphasis added). The lower court held that the statute's "amount paid" included the award. The parties agree that if the award of attorney fees and litigation costs is considered part of the "amount paid", then Peterson's award of costs and fees has priority over Warners' mortgage.

The lower court also held that considerations of equity mandated priority of Peterson's award of fees and costs over Warners' mortgage. The lower court reasoned that under the circumstances of this case, it would be unfair to allow the mortgage to defeat the parties' agreement to award fees and costs to the winner of a lawsuit arising from the contract.

Warners contend that the lower court erred by holding that the lien created by the statute includes Peterson's

3

costs and fees. To support this argument, Warners cite cases holding the lien limited to expenditures made to purchases which improve the contract property. See Occidental Realty Co. v. Palmer (N.Y. 1907), 102 N.Y.S. 648, 652 (lien does not include fees for examining title of contract property); Ungrich v. Shaff (N.Y. 1907), 105 N.Y.S. 1013, 1016 (lien does not include award of attorney fees).

Peterson responds that New York authority provides too restrictive a reading of the Montana statute. According to Peterson, the California Supreme Court, interpreting an identical statute, has included expenditures similar to litigation costs and attorney fees in the lien. See Montgomery v. Meyerstein (Cal. 1921), 199 P. 800, 802 (expenditures for taxes and insurance included in the lien). Peterson characterizes Montgomery as holding that expenditures for improvements, taxes, insurance, maintenance, "and any other amounts expended in reliance upon the contract" must be included in the lien. Peterson also points out that the award for litigation costs and attorney fees compensates for expenditures as provided by the contract.

Better stated, the California Supreme Court's decision in Montgomery held the purchaser entitled to a lien equaling "the amount of purchase money paid by her and the expenditures she made upon the property, including the taxes and insurance". Montgomery, 199 P. at 802. The decision also states that the purchaser's lien may include the return of what has been paid in performance of the contract. Montgomery, 199 P. at 803.

Generally, a purchaser's lien attaches to the contract property to facilitate recovery of such funds as the purchaser may be entitled to recover, including expenditures for insurance, taxes, and maintenance. 92 C.J.S.

4

Vendor & Purchaser § 556 (1955). Section 71-3-1302, MCA, conforms to the general rule by directing that the lien equal the amount of the purchaser price already paid by the purchaser. We agree with the California Supreme Court that in the appropriate case, money expended on taxes, insurance, and maintenance may be considered part of the amount of the purchaser price paid under the statute.

However, an award of costs and fees is not part of the value of partial performance which the statute intends to include for recovery through the lien. To stretch the language of the statute to include the award at issue here would be to insert what has been omitted in violation of § 1-2-101, MCA. Thus, we hold that the District Court decision may not be affirmed on its interpretation of § 71-3-1302, MCA.

Nevertheless, we agree with the District Court that the equities in this case favor payment of Peterson's fees and costs over Warners' mortgage. Rescissionary remedies properly require such restoration from the losing party to the party entitled to rescission "as is reasonably possible or as may be demanded by equity." Carey v. Wallner (Mont. 1986), 725 P.2d 557, 561, 43 St.Rep. 1706, 1711.

Furthermore, although no lis pendens was filed here, the actual knowledge of Warners and their attorney from the time of service of process that litigation involving the contract property was pending, and the actual knowledge that one possible result of the litigation would be an award of fees and costs by virtue of the terms of the contract, "subjects them to the results of that litigation in the same way that the constructive knowledge imparted by the lis pendens does". Tuft v. Federal Leasing (Utah 1982), 657 P.2d 1300, 1303. Thus, we affirm because the equities favor Peterson, and

5

because the actual knowledge of the pendency of the suit prevents Warners and their attorney from circumventing the ultimate result of the litigation.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices